Isaac Cheney, plaintiff in error, *vs.* Smith & Alexander, defendants in error.

When a motion is made to continue a case for the purpose of procuring testimony, the Court may require the showing to be reduced to writing and sworn to by the party moving the continuance; but if the opposite party will admit and does not contest the truth of the facts expected to be proved, the continuance should not be allowed. But it is error for the Court to overrule the motion for a continuance on the ground, that the opposite party will simply admit the facts expected to be proved, and then allow such opposite party to contest the truth of the facts admitted. To avoid the continuance of a case for the purpose of procuring testimony upon a proper showing made therefor, under the 3472d section of the Code, the opposite party must admit, in writing, the facts expected to be proved, and agree that he does not *contest the truth thereof*.

Continuance.　　Practice.　　Before Judge Johnson.　　Talbot Superior Court.　　May Term, 1870.

Smith & Alexander brought against Cheney complaint upon an open account for $500 00, for "retainer and services rendered for him by them, as attorneys and counselors at law, in the matter of the exchange of his stock in the Upson County Railroad Company for stock in the Southwestern Railroad Company." The plea was the general issue.

When the cause was called for trial, defendant moved to continue, because one Mustian, a director of the Southwestern Railroad Company, was a material witness by whom he could show that, in fact, the Southwestern Railroad Company never intended repudiating their promise to give him its stock for his interest in said Upson County Railroad Company, but always, *bona fide*, intended carrying it out. The showing was in due form, etc. Plaintiffs' counsel said he would admit "what Cheney had stated he could prove by Mustian, and go to trial." To this, defendant's counsel replied, "I suppose you will not controvert what Cheney has stated he expects to prove by Mustian." The Court said he "would not hold plaintiffs' counsel to that rule, but, if he would admit that Mustian, if examined as a witness in the case, would swear to what Cheney had stated, he would overrule the motion to continue." Plaintiffs' counsel said he would so admit it. The Court then required defendant's counsel to reduce said statement to writing and make an affidavit to it. This was done, defendant's counsel objecting to the requiring said affidavit. When it was prepared, plaintiffs' counsel wrote upon it the admission required by the Court as aforesaid, and the cause went to trial, defendant objecting.

Said Smith testified that Cheney came to plaintiffs' office, represented that the Southwestern Railroad Company were not going to stand up to an agreement which they had made with him to exchange a large amount of its stock for defendant's interest in the Upson County Railroad Company, and wished plaintiffs to sue the Southwestern Railroad Company for him. Smith, upon hearing Cheney's statement, advised him that the agreement could not be enforced, because it was

voluntary and without consideration. In a week or ten days, Cheney urged plaintiffs to take his case and bring suit; said he would not leave until they would agree to do so, and that he would pay them to their satisfaction. Smith agreed to take charge of the business and do what he could to get the Southwestern Railroad Company to do what they had promised. He and his partner wrote twice to the President of the Southwestern Railroad Company, urging the execution of the agreement; frequently conversed with Mustian on the subject; saw the President and had a long conversation with him on the subject; he did all he could for Cheney and, in one way and another, did a gread deal for him. Without suit, B. Hill, Esq., and plaintiffs, succeeded in getting $10,000 00 of Upson County Railroad Company's stock, not worth over forty cents in the dollar, converted into Southwestern Railroad Company's stock, at par, and afterwards Cheney expressed himself perfectly satisfied with their services, and said he would pay them to their satisfaction. He said he thought plaintiffs were justly entitled to $500 00 for said services. B. Hill, Esq., testified that Cheney had told him that he was well pleased with what Smith had done for him, and that the services stated by Smith were worth $500 00. He said he had also sued Cheney for his fee in the matter, and stated what *he* had done in procuring said exchange. Colonel Ramsey testified that, from Smith's statement, $500 00 was a reasonable fee in the matter. Here plaintiffs rested.

Defendant testified that, after the agreement to exchange, he was induced, by a conversation of one Flewellen, to believe the Southwestern Railroad Company would not carry it out, and went to plaintiffs and told them if he had to sue he wished them to bring the suit; that his interest in the Upson County Railroad Company was worth as much as the stock received in exchange. The statement of what Mustian was expected to testify was then read in evidence. Defendant also read in evidence the testimony of other attorneys as

to the value of plaintiffs' services.   Upon the hypothetical case made in the interrogatories, the witnesses put the value of the services at from $200 00 to $500 00, according as it was stated by defendant or plaintiffs.   The verdict was for $500 00 for plaintiffs.

Defendant's counsel say the Court erred in not continuing said cause; in requiring the said statement; when reduced to writing, to be verified by affidavit, and in allowing plaintiffs' counsel to force him to trial without agreeing not to contest the truth of what Mustian was expected to testify.

E. H. WORRILL, J. M. MATTHEWS, for plaintiff in error.

M. H. BLANFORD, for defendants.

WARNER, J.

The Court below erred in overruling the defendant's motion for a continuance of the case, on the ground, that the opposite party was willing to admit the facts expected to be proved by the absent witness, and then allowing the plaintiff to *contest* the truth of the facts admitted, on the trial of the case, under the provisions of the 3472d section of the Code.

Let the judgment of the Court below be reversed.